**SUMMONS ISSUED**

**FILED CLERK**
2011 MAR 18 PM 12: 22
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHAEL CURTIS GARRETT,

          Plaintiff,      CIVIL ACTION NO.:

- against –

CITY OF NEW YORK, DETECTIVE FELIX
ORTIZ, "JOHN DOES" and JANE DOES,"
said names being fictitious, their true names and
identities unknown, intended to describe and identify
arresting police officers employed and acting on
behalf of the New York City Police Department,
                            Defendants.
-----------------------------------------------------------x

**CV 11-1314**
**COMPLAINT**
**TOWNES, J.**
**ORENSTEIN, M.J.**

Jury Trial Demanded

    1.    Plaintiff, MICHAEL CURTIS GARRETT, by his attorney, Robert H. Parker, complains of the Defendants and respectfully sets forth to this Court as follows:

**PRELIMINARY STATEMENT**

    2.    This action is brought pursuant to the provisions of 42.U.S.C.§1983, and pursuant to claims for excessive force, false arrest, false imprisonment, and malicious prosecution, and the violation of civil rights. The action arises out of the unjustified severe physical beating of plaintiff, false arrest, false imprisonment, malicious prosecution, theft, and invasion of privacy of Plaintiff by defendant Police Officers employed by the New York City Police Department (hereinafter "NYPD").

    3.    On or about February 15, 2011 at approximately 6:30pm in the Kings County, City and State of New York, plaintiff was driving a motor vehicle when he was forced to stop his vehicle after being cut off by another motor vehicle. Plaintiff was subsequently robbed of his Breitling wrist watch at gunpoint by the occupants of the offending vehicle. Plaintiff sped away

1

from the scene and was pulled over by police officers a number of blocks away. The officers subjected the plaintiff to a severe beating, even though plaintiff complied with their demands. Police officers then subjected the plaintiff to a laundry list of false charges, which were all immediately dismissed by a grand jury.

## JURY TRIAL DEMANDED

4.  Plaintiff demands trial by jury in this action.

## JURISDICTION AND VENUE

5.  This action arises under the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution, under 42 U.S.C. §§1983 and 1988.

6.  The jurisdiction of this Court is predicated upon 28 U.S.C. §1331 and §1343(a)(3) and (4), and upon pendent jurisdiction.

7.  Venue lies in this district pursuant to 28 U.S.C. §1391(b).

## THE PARTIES

8.  The Plaintiff is a citizen of Kings County, City and State of New York.

9.  Upon information and belief, and at all times hereinafter mentioned, the Defendant, City of New York, (hereinafter referred to as "CITY") was and still is a municipal corporation and body politic, organized and existing under the Laws of the State of New York and the Charter of the City of New York.

10.  Upon information and belief, and at all times hereinafter mentioned, the Defendant CITY, by virtue of, under and pursuant to the Laws of the State of New York, and the Charter, and Administrative Code of the City of New York, created and operated The New York City Police Department (hereinafter "NYPD") for the public benefit and protection of its citizens.

11.  Upon information and belief, and at all times hereinafter mentioned, the

Defendant Police Detective FELIX ORTIZ (hereinafter "DET. ORTIZ") was and still is employed by the Defendant CITY and/or The NYPD as an undercover Police Detective.

12. At all times relevant hereto, all of the above mentioned the NYPD officers and detectives in the prior paragraph were acting under color of State Law and within the scope of their employment.

## **THE FACTS**

13. Plaintiff is a well known local musician, writer, producer and performer, as well as the principle owner of Brooklyn clothing store. Plaintiff, as principal owner of TF Mafia Inc. currently has a number of songs being played on major airwaves in New York City and surrounding areas. Plaintiff, prior to getting involved full time in the music business, had a troubled past and several run-ins with the law.

14. On February 15, 2011, at approximately 6:30pm, in Kings County, City and State of New York, plaintiff was lawfully operating his motor vehicle on a public street, when he was suddenly cut off by an unmarked motor vehicle.

15. An unknown male individual exited the unmarked vehicle and pointed a gun at plaintiff.

16. Nearly simultaneously, another male individual walked up to the driver's door of plaintiff's car and pulled off plaintiff's wrist watch.

17. Plaintiff stepped on the gas pedal, and sped away fearing for his safety.

18. After driving a number of city blocks, the plaintiff observed police turret lights and sirens in his rear view mirror and came to a stop at an intersection and placed his vehicle in park.

19. Plaintiff while sitting in his vehicle, with his hands clearly raised above his head, was struck on his left temple with the butt of a gun by defendant Felix Ortiz.

20. Thereafter, plaintiff was removed from the vehicle by a number of police officers. Plaintiff was then thrown to the ground and kicked and punched repeatedly about the body by defendant Felix Ortiz and numerous un-identified police officers.

21. Plaintiff felt more blows to his left eyeball, top and side of his head with the butt

of a gun being held by Ortiz.

22. Plaintiff was then removed to the 75th Precinct by being forcibly thrown in the back seat of a patrol car with his legs forced underneath his body in an un-natural position, causing trauma to plaintiff's knees.

23. Further, plaintiff's handcuffed wrists were ~~brutally~~ tightened in such a fashion as to cause bleeding lacerations to his wrists and permanent scarring, as well as severe pain and suffering.

24. While in custody at the 75 precinct, a police officer believed to be a supervisor or sergeant, wearing a white shirt, inquired to plaintiff about gaining access to plaintiff's apartment.

25. When plaintiff refused to give aforementioned police officer access to plaintiff's apartment, said police officer struck plaintiff several times in his face with a closed fist, causing plaintiff to suffer severe trauma pain and suffering.

26. Subsequently, a male Hispanic police officer intervened in the physical bearing of plaintiff and the beating ceased.

27. During the time plaintiff was inside of the confines of the 75 precinct, he had visible bleeding lacerations to his eyes, nose and mouth. Plaintiff's left eye was completely swollen shut.

28. Plaintiff was initially refused medical treatment by the police officers while in custody inside of the 75precinct.

29. Plaintiff was subsequently falsely charged with serious felonies and resisting arrest crimes.

30. Plaintiff was not charged with committing any crimes against police officers

inside of the 75 precinct.

31. When plaintiff was bought to Kings County central booking by defendant police officers, a New York City Court officer or correctional facility officer refused to allow defendant police officers to enter the courthouse with plaintiff.

32. Plaintiff was refused entry by the aforementioned central booking officers because plaintiff's physical appearance was appalling, in that, plaintiff clearly suffered trauma to his face and body, was wearing bloody clothing, and was unable to walk and stand properly.

33. The central booking officers instructed defendant police officers to obtain medical assistance to plaintiff before allowing plaintiff entry into the court building that housed central booking.

34. Plaintiff avers that the defendant undercover Police Officers, robbed him of cash jewelry, and personal items, and then attempted to cover up their crimes by falsely filing charges against plaintiff.

35. Further, the defendants police officers, unlawfully gained access to plaintiff's apartment and stole approximately $7,000.00 in cash, and $2,000.00 in jewelry..

36. The defendant police officers, while illegally inside of plaintiff's apartment, stole frozen meat from the plaintiff's freezer and various groceries and personal items valuing approximately $400.00.

37. As of the date of this complaint, plaintiff endures loss of sight from his left eye, crippling pain to his left and right knees, a fractured nose, bumps and bruises throughout his body, loss of income and lucrative music contract opportunities.

38. A Kings County Grand Jury heard all of the charges filed by defendant police officers, and after presentation by the district attorney's office, said grand jury voted to dismiss

all charges against plaintiff.

## COUNT ONE

39. Plaintiff hereby reiterates paragraphs 1 through 38, as though fully stated herein and further alleges as follows;

40. The Defendants, by having unlawfully and illegally subjected plaintiff to excessive force while he was in custody, detained and forcibly shackled the Plaintiff without probable cause, deprived Plaintiff of the rights, remedies, privileges and immunities guaranteed to every citizen of the United States of America, all of which was in violation of 42 U.S.C.§1983. The rights of the Plaintiff, as guaranteed by the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution, have been violated.

41. The Defendants acted under pretense and color of the State Law and in their individual official capacities. The acts of the Defendants were without authority of law and constituted a severe abuse of their powers. Defendants acted intentionally, willfully, knowingly and with the specific intent to deprive Plaintiff of her constitutional rights as secured by 42 U.S.C.§1983, and by the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution.

42. As a direct and proximate result of the misconduct of the Defendants as afore described, and the wrongful acts and abuses of authority as detailed above, Plaintiff sustained the damages hereinbefore alleged.

43. Based upon the allegations as set forth herein, Defendants violated Plaintiff's civil rights to be free from false arrest, false imprisonment, excessive use of force, malicious prosecution, theft and intentional infliction of emotional distress.

44. Plaintiff seeks damages in the sum of Ten Million Dollars and exemplary damages of Ten Million Dollars.

## COUNT TWO

45. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "44" inclusive as if the same were fully set forth at length herein.

46. Upon information and belief, the Defendants have engaged in a long standing and pervasive pattern of constitutionally offensive conduct, including the knowing harassment and prosecution of individuals, without probable cause or authority, and the repeated use of excessive force and abuse, in purportedly performing their duties as employees of the Defendant City.

47. Upon information and belief, Defendant CITY does not have an adequate means for New York City residents to seek redress against rogue police officers, especially those officers engaged in undercover capacities, and the limited means by which the CITY does address such concerns are so minimum and ineffectual, that police officers that wish to break the law, do so without fear of discipline.

48. Upon information and belief, the CITY knows full well which precincts in the City of New York have numerous complaints against Police Officers, whether such complaints are justified or not, yet the CITY does literally nothing to monitor or address those concerns, creating an atmosphere among police officers that it can get away with misconduct in certain precinct areas.

49. For instance, it is known that in the borough of Brooklyn New York, the 60th and the 75 precincts, as well as others, throughout the city are notorious for crimes committed by rogue police officers, yet, the City only reacts once a New York City resident is severely harmed.

50. The defendant police officers here acted in the way alleged because they did not

fear of reprisal or discipline from any CITY or private agency for their misconduct, and their supervisors condone such misconduct.

51. Upon information and belief, the Defendants have engaged in a long pattern of this constitutionally offensive conduct, in failing in the proper prosecution thereof, and failing to properly train, supervise, and discipline police officers in proper enforcement of crimes and prosecutions.

52. Upon information and belief and prior to the acts complained of herein, the Defendants City of New York and The New York City Police Department, through supervisory personnel, had knowledge and notice of this pattern of unconstitutional conduct by the individual Defendants, but knowingly failed to take any remedial steps to train, supervise or discipline the individual Defendants to prevent the type of conduct to which they subjected the Plaintiff.

53. Upon information and belief, the acts complained of by Plaintiff herein are a direct and proximate result of the conduct and practices of the Defendants City of New York and/or the New York City Police Department employees and representatives, and constituted tacit authorization of, and gross indifference to, the pattern of unconstitutional conduct by the individual Defendants, and Defendant City of New York and its Police Department, and the knowing failure to train, supervise or properly discipline the individual Defendants.

54. By reason of the foregoing, the Defendant, the City of New York and its Police Department have engaged in an official policy, practice and custom which, through the acts of the individual Defendants, were in furtherance thereof, and have deprived Plaintiff of the rights, remedies, privileges and immunities guaranteed to every citizen of the United States and were in violation of 42 U.S.C. §1983, and have deprived Plaintiff of his rights as guaranteed by the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution.

55. As a direct and proximate result of the official policy, practice and custom of the Defendant City of New York and its Police Department as alleged herein, Plaintiff sustained damages hereinbefore alleged.

56. Based upon the allegations as set forth herein, the Defendants have violated the Plaintiff's rights to be free from false arrest, false imprisonment, malicious prosecution, invasion of privacy, theft, and intentional infliction of emotional distress.

57. Plaintiff seeks compensatory damages in the sum of Ten Million Dollars and exemplary damages of an additional Ten Million Dollars

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

a)  On each Count in such sums as may be determined upon the trial of this action, including, but not limited to general damages, special damages and punitive damages, Ten Million Dollars compensatory damages and Ten Million Dollars exemplary damages;

b)  For reasonable attorney's fees pursuant to 42 U.S.C. §1988, together with costs and disbursements; and

c)  For such other and further relief as this Court may deem just and proper.

Dated: March 17, 2011.

Robert H. Parker, Jr.
Attorney for Plaintiff

By: _____
Robert H. Parker (RP-1682)
6008 8th Avenue
Brooklyn, New York 11220
(646) 646-8411
(646) 607-0123 *facsimile*
