UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

MICHAEL CURTIS GARRETT

                                                            Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE FELIX ORTIZ, "JOHN DOES" and "JANE DOES," said named being fictitious, their true names and identities unknown, intended to describe and identify arresting police officers employed and acting on behalf of the New York City Police Department,

                                                          Defendants.

**ANSWER TO COMPLAINT**

11 CV 1314 (SLT) (JO)

JURY TRIAL DEMANDED

---------------------------------------------------------------------------x

        Defendants City of New York and Detective Felix Ortiz, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff was robbed at gunpoint.

        4.     Paragraph "4" of the complaint sets forth a demand for a jury trial to which no response is required.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff purports to base venue as stated therein.

8. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York and the charter of the City of New York.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that the City of New York maintains a police department, and respectfully refer the Court to the City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department ("NYPD").

11. Admit the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint to the extent it sets forth averments of fact; to the extent it sets forth conclusions of law, no response is required.

13. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge and information sufficient to form a belief as to truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge and information sufficient to form a belief as to truth of the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff was pulled over by police officers.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff was removed from the vehicle.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff was transported to the 75th Precinct.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint, except admit that the charges against plaintiff were dismissed.

39. In response to paragraph "39" of the complaint, defendants repeat and reallege paragraphs "1" through "38" of this answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint to the extent it sets forth averments of fact; to the extent it sets forth conclusions of law, no response is required.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "44" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint, except admit that plaintiff seeks damages as stated therein.

45. In response to paragraph "45" of the complaint, defendants repeat and reallege paragraphs "1" through "44" of this answer, as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint, except admit that plaintiff seeks damages as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

39. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

40. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

41. There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

42. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

43. Punitive damages are not available against defendant City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

44. To the extent plaintiff asserts state law claims against defendants, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

46. To the extent plaintiff asserts claims under state law, they may be barred by his failure to comply with N.Y. Gen. Mun. Law §§ 50-e, 50-h and 50-i.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

47. Defendant Ortiz has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

48. Plaintiff provoked any incident.

## **AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

49. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendant.

**WHEREFORE**, defendants City of New York and Felix Ortiz request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
               June 23, 2011

                                  MICHAEL A. CARDOZO
                                  Corporation Counsel of the City of New York
                                  Attorney for Defendants
                                  100 Church Street
                                  New York, New York 10007
                                  (212) 676-1347

By:            s/
                                  Matthew Weir
                                  Assistant Corporation Counsel

TO:    Robert H. Parker, Esq. (By ECF)
          Attorney for Plaintiff
          1707 86th Street
          Brooklyn, New York 11214

`

11 CV 1314 (SLT) (JO)

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHAEL CURTIS GARRETT,

                                        Plaintiff,

-against-

THE CITY OF NEW YORK, *et al.*,

                                        Defendants.

---

**ANSWER TO COMPLAINT**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*

*Attorney for Defendants*

*100 Church Street*
*New York, New York 10007*

*Of Counsel:  Matthew Weir*
*Tel:  (212) 676-1347*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.  ......................................... , 2011*

*................................................................... Esq.*

*Attorney for...........................................................*